RECEIVED
DEC 27 2022
BY MAIL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

James B Crow

    Petitioner        Case No.

v                        Verified & Certified

Denise Hacker         pursuant to 28 USC. § 1746

Chief Operating Officer

    et al: Defendants

## PETITION FOR WRIT HABEAS CORPUS:

1. Petitioner James B. Crow is currently confined by Respondent Denise Hacker at the Sorts facility, 1016 West Columbia Street, Farmington, Missouri, 63640

2. Respondent Hacker is the Chief Operating Officer (COO) of this facility, and asserts her Authority to continue James B Crow, Petitioners detention is the Sexually Violent Predator SVP Statute RSMO. 632.480, Hacker's address is 1010 W. Columbia Street, Farmington, Missouri, 63640

## JURISDICTION AND VENUE:

3. Pursuant to 28 USC § 2241 and 28 USC § 2254, Petitioner James B. Crow comes forth as a pro-se litigant, and respectfully petitions this court for a writ of Habeas Corpus and by this Petition sets forth the following facts, and causes for the issuance and show cause Order of said Writ.

1.

4. Rule 1.(a).(1.) A person in Custody under a State Court Judgment who seeks a determination that the custody Violates the Constitution, laws, or treaties of the United States.

5. Under § 2254 (b),(1),-(b)(ii), circustances exist that render such process ineffective to protect the rights of the applicant. Petitioner can not submit this pleading to a lower court as they do not have the Authority to interpret federal treaties.

## GROUNDS FOR RELIEF:

6. On April 4/21/2017 in State v James B. Crow, after being found Guilty by a Jury, Judge David B. Tobben of the Circuit Court of Franklin County Missouri, Twentieth Judicial Circuit, Probate Division sentenced James B. Crow Petitioner to an indifinite (Life Sentence). See Exhibit A, H.B. 1405 "Minute Book". See exhibit (B) "Official Discharge". Petitioner was released on 5/22/2015, and then held until the Civil Trial that began on 4/19/2017 now currently being held indifinitely in a Maximun Security Dept. of Mental Health Correctional Center in Farmington Missouri, 63640

7. The Missouri Sexual Violent Predator Law & 632.480 RsMo. Violates Petitioners Rights in accordance with the Universal Declaration of Human Rights, and petitioners

2.

Constitutional Right to be Free of Cruel, and Unusual Punishment.

8. Petitioner on December 21st of 2000 was sentenced to a Fifteen (15) sentence. See exhibit (B). Petitioner has now completed an additional nearly (7) seven years in confinement under the SVP Statute. This being an even heavier penalty then the Original Penalty imposed for the offense. Petitioner committed. See Attached Supplemental pages Appenlants Brief Exhibit (C) Attached.

SUPPORTING FACTS:

9. In 1997 the supreme court of the United States of America heard a case on the constitutionality of the controversial Sexual Predator Law. (Kansas V Hendricks, June 23RD, 1997 NO. 95-1649, 521 US 346)

"If the object or purpose of a civil commitment law is to provide treatment, but the treatment provisions were adopted as a sham or mere pretext, such a scheme would indicate the forbidden purpose to punish" See, Hendricks, 52LUS at 371.

Subseqently, the Court ruled the States could Auther, and Enforce Laws of this Nature. Many States have done this and successfully imprisoned thousands of US Citizens under the Supreme Court Authority. That Authority was, and is still in violation of a Treaty, and the terms of that treaty the

3.

United States of America agreed upon, along with many other Civilized Countries.

In 1948, The United States of America signed the Universal Declaration of Human Rights, Articles one through thirty. The pertinent Articles read as such,

Article 11 Subsection 2 states: No one shall be held Guilty of any penal offense on account of any act or omission which did not constitute a penal offense, under National or International Law, at the time it was committed. Nor shall a Heavier Penalty be imposed than the one that was applicable at the time the penal offense was committed.

Article 30 states: Nothing in this Declaration may be interpreted as implying for any State Group or person any rights to engage in any activity or to perform any act aimed at the destruction of any rights and freedoms set forth herein.

Missouri, as many other states that have crafted a sexually violent predator / sexually violent person law have used the defense that the continued imprisonment is a collateral consequence, not further punishment, to enforce their individual laws as written.

4.

In (Morales v State, 104.S.W.3d.432(MO.APP.ED.2003), and Scates v State NO. 25545, 134.S.W.3d.738(MO APP.ED.2004) The Southern and Eastern State Courts of Appeals reasoned the continued confinement of people targeted by the State of Missouri Attorney Generals office as possiable Sexual Violent Predators were not being punished, but confined in a State of Civil detention as a collateral Consequence. As the Eastern District Court has ruled in (Carter V Larkins 2009 U.S. Dist.) Lexis 87296 (ED.MO September 23RD 2009).

In accordance with the legal terms, and definitions of the United States Supreme Court Blacks Legal Dictionary defines (Collateral Consequence) as: <u>A penalty for committing a crime, in addition to the penalties included in the criminal sentence.</u>

Being forcefully and involuntarily sentenced to the indefinite confinement, incarseration inside a Sexually Violent Predator Center is without a doubt a heavier penalty than the Original Criminal Sentence.

The State claims that the 632.480 SVP, Law is not punishment; but a collateral consequence. If the court looks at the words used to craft Missouris' SVP Scheme it is clear the true intention, and purpose was to inflict a continuous penalty to the targeted Citizen such as Petitioner.

5.

No matter how one analyzes the issue at hand, the State created a "Legal" institution of indefinite incarceration which is based on nothing, but deciefful verbiage. The State claims the SVP Law is not punishment, but a collateral consequence, only collateral consequence is a penalty. penalty is described as a punishment, and punishment is punitive.

The Law starts with punishment, and ends with punishment, no matter which way the State strings the words together.

The State created the term Sexually-Violent Predator by claiming that any one with a Sex Offense is violent, because all sex crimes are emotionally violent to the victim, thereby creating the idea Petitioner is Sexually Violent. Next the State creates a greater, even more threatening terminology by claiming, the targeted person to be a Sexually Violent Predator under the reasoning he may commit another Sex Offense.

The State continues to violate Petitioner's Rights by disguising their intentions in a string of words which are very clear in their intent.

Collateral Consequence: <u>A penalty for committing a Crime or Offense, in addition to the penalities included in the criminal Sentence.</u>

6.

<u>Punishment</u>: To subject "Some One" to a penalty for a crime, fault, or bad behavior: 1. To inflict a penalty on a wrongdoer for "an offense". 3. To handle harshly <u>Injure</u>:

<u>Injure</u>: To cause physical harm to: <u>Hurt</u>. 2. To cause damage to <u>Impair</u>: 3. To cause distress to <u>wound</u>: 4. To commit an Injustice or Offense against <u>wrong</u>:

<u>Punitive</u>: To punish, inflicting or aiming to inflict punishment:

Amendment (8): Excessive bail shall not be required, nor excessive fines imposed, nor cruel, and unusual punishment inflicted. (If a person is convicted of a crime, the government cannot impose unreasonable fines or inflict inhumane punishment).

Knowing doing this, and then continuing to do this to Petitioner is the same "Emotional Torture" as the State claimed was predatory when petitioner violated another humans/U.S. Citizens life, and boundaries. As the U.S. Supreme Court has ruled, and upheld, "a person convicted of a crime, and sent to prison is not to be punished any further, as the prison sentence was the punishment".

The Universal Declaration of Human Rights was signed into Law many years before the Sexual Violent Predator Law

7.

or Legislation was thought of, whether or not this was an oversight by the Superior Justices or the State Justices at times when the matter has been before them or outright left in the legal Shadows on purpose is not the issue. The continued detention, and restraint against Petitioner's Freedoms, and Liberty is unlawful cruel and unusual injurious punishment and now known by the court.

### RELIEF REQUESTED:

10. For the court to issue an Order to the Respondent or the State of Missouri Attorney Generals Office to Release Petitioner James B. Crow from his current detention.

Wherefore Petitioner James B. Crow prays the court will issue this Writ of Habeas Corpus, and Grant the Relief sought, or any Relief the court deems just, and fair in accordance with the U.S. Constitution Law treaties, and powers entrusted in them.

phone No. 573 218-7094          Respectfully Submitted
date 12/19/2022                 *James Crow*
Verified & Certified            Signature *James J.C.*
pursuant to 28 USC § 1746       Mr. James B. Crow
                                1016. W. Columbia Street
                                Farmington Missouri, 63640

8.