UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CROW, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22-CV-1379 AGF |
| DENISE HACKER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. After review of the proceedings in this § 2254, the Court will deny petitioner's request for release and dismiss this action. A separate Order of Dismissal will accompany this Memorandum and Order.

### Procedural Background

Petitioner James Crow, a detainee at the Sexual Offender Rehabilitation Treatment Center (SORTS) filed the instant action pursuant to 28 U.S.C. § 2254, on December 27, 2022. [ECF No. 1]. Petitioner's application for writ was handwritten and not on a court-provided form. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se petitioners should be filed on Court-provided forms"). As a result, the Court, on January 20, 2023, ordered petitioner to file an amended application for writ, on a court-provided form no later than February 19, 2023. [ECF No. 3].

Because petitioner had not included the grounds under which he was bringing his application for writ, the Court directed petitioner to fill out the court-form for filing an application for 28 U.S.C. § 2254 in its entirety. Additionally, the Court noted in its January 20, 2023 Memorandum and Order, that it appeared that petitioner had failed to exhaust his administrative

remedies with respect to review of his commitment order, which was issued by the Missouri Probate Court on April 21, 2017.

Petitioner had one year from the date his judgment as a sexually violent predator in the probate court became final to file his federal habeas petition. *See* 28 U.S.C. § 2244(d); *Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012); Mo. S. Ct. R. 83.02. He was adjudicated as a sexually violent predator on April 21, 2017. *In re James Crow*, No. 15AB-PR00108 (20th Jud.Cir., Franklin County).  The order affirming the commitment order was entered on February 19, 2019. *In re James Crow,* No. ED105772 (Mo.Ct.App.). The mandate was issued by the Missouri Court of Appeals on April 18, 2019. Petitioner did not sign the instant application for writ of habeas corpus until December 19, 2022. Thus, his application for writ appears to be over a year and a half late, pursuant to 28 U.S.C. § 2244(d). Petitioner was directed to address the timeliness of his application for writ on the court form for filing his amended petition.

On February 3, 2023, petitioner filed a "Motion to Reconsider and Rescind Order." In his motion to reconsider petitioner asserts that "his continued confinement violates the 8th Amend[ment] of the United States Constitution by a State Statute Law that is Unconstitutional and in conflict directly with the Universal Declaration of Human Rights Laws and Treaties."

He argues that he is not attacking his fifteen (15) year sentence, rather he is stating that the procedures used to civilly commit him "resulted in state court rights being violated." Petitioner asks that the Court "review the handwritten petition.

### Discussion

A. **Petitioner's Request for Reconsideration**

Petitioner was ordered on January 20, 2023, pursuant to Local Rule 2.06, to amend his application for writ on a court form. Instead of amending his petition on a court form, he filed a

2

motion to reconsider the Court's Order. The Court will decline to reconsider its January 20, 2023 Memorandum and Order requiring petitioner to amend his application for writ on a court form.

The Court requires pro se litigants to file actions on a court form for many reasons. First, the court forms set forth the requirements for bringing a cause of action. In the case of an action brought pursuant to 28 U.S.C. § 2254, the form requires a litigant to clearly set forth the conviction a litigant is challenging, as well as the date of the judgment of the conviction. In this case, petitioner's handwritten petition fails to clearly set forth the judgment and conviction he is challenging making it difficult for this Court to ascertain whether petitioner is challenging his probate conviction or simply bringing an application for release from confinement from SORTS under Missouri Revised Statute § 552.040.

Additionally, the Court form for bringing a habeas corpus action has a place where litigants must set forth separate grounds under which they are challenging their conviction or sentence. In petitioner's handwritten application for writ, he has not separately listed his grounds for relief. For this reason, the Court must attempt to review petitioner's handwritten pages to ascertain how many separate grounds for relief are in the petition. The Court form is a better avenue for ascertaining these means because it requires litigants to separately set forth their grounds for relief in a clear and concise manner.

Furthermore, the court form also designates places where a petitioner must provide his attempts at exhausting his state court remedies by delineating his appeals and post-conviction processes. Although petitioner has attached a copy of his appellate brief to his handwritten petition, he has not specified his attempts at exhausting his state court remedies in other avenues in Missouri State Court.

3

For the aforementioned reasons, the Court will deny petitioner's request for reconsideration of the Court's January 20, 2023 Memorandum and Order. As set forth in the January 20, 2023 Memorandum and Order, and in this Court's Local Rule 2.06, petitioner was required to amend his petition to set clearly set forth his grounds for relief in this matter no later than February 19, 2023. *See* ECF No. 3.

**B. Petitioner's Action is Subject to Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)**

Petitioner has failed to file an amended application for relief in a timely manner as required in this Court's January 20, 2023 Memorandum and Order. This matter is therefore subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed.R.Civ.P.41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). To the extent petitioner is seeking review of his probate action, his petition is also time-barred.

**C. To the Extent Petitioner is Seeking Review of His Probate Action, His Petition is Time-Barred**

In the January 20, 2023 Memorandum and Order, the Court requested that petitioner provide information to the Court relative to exhaustion of his probate action. The Court noted that to the extent petitioner was seeking habeas review of his probate action, it appeared that such review was untimely. Petitioner had one year from the date his judgment became final to file his federal habeas petition. *See* 28 U.S.C. § 2244(d).

Although petitioner appears to have filed an appeal of his commitment order, *see In re James Crowe*, No. ED105772 (Mo.Ct.App.), the order affirming the commitment was entered on February 19, 2019. *Id*. The mandate was issued by the Missouri Court of Appeals on April 18, 2019. Petitioner did not sign the instant application for writ of habeas corpus until December 19,

4

2022. Thus, his application for writ appears to be over a year and a half late, pursuant to 28 U.S.C. § 2244(d).

D. **To the Extent Petitioner is Seeking Release From SORTS, He Has Failed to Exhaust His Administrative Remedies with Respect to His Request for Release**

Although most of the cases addressing the exhaustion requirement arise from challenges to state custody following a criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied by invoking one complete round of the State's established appellate review process, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner challenges state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

To satisfy the exhaustion requirement, a civil detainee must apply for release under § 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted). Only after seeking release from the Missouri Court of Appeals may the civil detainee bring his request for release to the Federal Court.

The Court has reviewed Missouri Case.Net and has been unable to find that petitioner has exhausted his administrative remedies with respect to request for release from SORTS. Because he has failed to exhaust his administrative remedies, his request for release must be denied.

E. **Petitioner Does Not Have a Substantive Due Process Right to Effective Sex Offender Treatment, Nor Does He Have a Cause of Action Under the Universal Declaration of Human Rights**

In 1998, the Missouri legislature enacted the Missouri Sexually Violent Predator Act to govern the civil commitment of persons adjudicated to be sexually violent predators. *See* 1998 Mo. Legis. Serv. 106 (West); Mo. Rev. Stat. §§ 632.480-632.525. A person may be committed in the

program only if a judge or jury determines by clear and convincing evidence that he is a sexually violent predator. Mo. Rev. Stat. § 632.495.1. A "[s]exually violent predator" is a person who, among other things, has a "mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility." *Id*. § 632.480(5).

After commitment, Missouri law provides avenues to secure conditional release. The Director of the Missouri Department of Mental Health is required to prepare an annual report on each resident's mental condition and provide it to the state court that committed the person. *Id*. § 632.498.1. If the Director determines that a resident is no longer likely to commit acts of sexual violence, then he "shall authorize the person to petition the court for release." *Id.* § 632.501. Alternatively, a resident may file his own petition for release without director approval. *See id.* §§ 632.498.2, .504. If the court at a hearing determines by a preponderance of the evidence that the committed person is no longer likely to engage in acts of sexual violence if released, then the person is entitled to a trial on the issue. *See id.* § 632.498.4; *In re Coffman*, 225 S.W.3d 439, 442-44 (Mo. 2007). To justify continued commitment, the State of Missouri must prove by clear and convincing evidence that the person is still likely to engage in acts of sexual violence if released. Mo. Rev. Stat. § 632.498.5(3). Otherwise, the person is entitled to conditional release. *See id.* §§ 632.498.5(4), .505.1.

*Karsjens v. Piper*, 845 F.3d 394, 410 (8th Cir. 2018), established that civilly committed individuals do not have a federally recognized due process right to appropriate, effective or reasonable treatment of the illness or disability that triggered the patient's involuntary confinement. S*ee also, Van Orden v. Stringer*, 262 F. Supp. 3d 887, 893 (E.D. Mo. July 6, 2017) (finding claims substantially similar to the ones alleged here do not implicate a fundamental liberty interest); *Karsjens v. Piper*, 2018 WL 4039364, *6 (D. Minn. Aug. 23, 2018) (finding that committed

6

persons do not have a recognized due process right to treatment of illness that triggered the person's involuntary confinement). Eighth Circuit case law clearly establishes that civilly committed sex offenders do not have a fundamental liberty interest or right to treatment recognized under federal law.

In this case, petitioner invokes the Universal Declaration of Human Rights as a basis for his claims that the "procedures of the civil commitment proceedings resulted in certain state court rights being violated." He alleges that the "entire jury panel should have been struck at commitment proceedings for both bias and prejudice claims."

Notwithstanding that petitioner's claims for relief relating to the probate trial are time-barred, the Court finds his arguments brought pursuant to the "Universal Declaration of Human Rights" are frivolous and not cognizable in habeas corpus. As the United States Court of Appeals for the Third Circuit has recognized, "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *See United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)) (explaining that the Universal Declaration of Human Rights is merely a resolution of the United Nations and "does not of its own force impose obligations as a matter of international law").

Federal District Courts have routinely dismissed claims brought under the Universal Declaration of Human Rights with prejudice for failure to state a claim or as legally frivolous. *See, e.g., Best v. S.C.I. Huntingdon*, No. 19-01599, 2019 WL 5866707, at *5 (M.D. Pa. Oct. 9, 2019), report and recommendation adopted, 2019 WL 5868259 (M.D. Pa. Nov. 8, 2019) (recommending dismissal of claims under the Universal Declaration of Human Rights for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) in a prisoner civil rights action); *Hamilton v. Dolce*, No. 18-2615, 2019 WL 4509375, at *3 (D.N.J.

Sept. 19, 2019) (dismissing with prejudice pro se prisoner's claims for violations of the Universal Declaration of Human Rights); *Pavalone v. Pres. Mgmt. Inc.,* No. 18-191, 2019 WL 1117931, at *3 (M.D. Pa. Jan. 8, 2019), report and recommendation adopted, 2019 WL 1117919 (M.D. Pa. Mar. 11, 2019) (recommending dismissal of non-prisoners' claims for the "alleged violation[s] of their rights under the Universal Declaration of Human Rights ... as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). As such, to the extent petitioner raises claims against the State of Missouri for violating the Universal Declaration of Human Rights, they are denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the Court's January 20, 2023 Memorandum and Order [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) due to plaintiff's failure to comply with a Court Order.

**IT IS FURTHER ORDERED** that alternatively, to the extent petitioner is seeking review of his probate action, this action is **DENIED and DISMISSED** as **time-barred.**

**IT IS FURTHER ORDERED** that alternatively, to the extent petitioner is seeking release from SORTS, this action is **DENIED and DISMISSED** due to petitioner's **failure to exhaust his state court remedies.**

**IT IS FURTHER ORDERED** that alternatively, to the extent that petitioner is seeking relief in habeas corpus on the basis that he has a substantive due process right to effective sex offender treatment, his request for relief is **DENIED AND DISMISSED**.

Dated this 6th day of March, 2023

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

8